IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| LYNN HOPE FRANKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NUMBER |
| | ) | |
| AMERICAN HOME PRODUCTS CORPORATION, et al., | ) ) ) | 00-C-1936-S |
| Defendants. | ) | |

**MEMORANDUM OPINION DENYING MOTION TO REMAND**

The Court has carefully considered the supporting and opposing papers related to the remand motion, as well as the authorities cited.

Defendant American Home Products Corporation ("AHC") has carried its heavy burden of establishing fraudulent Joinder with respect to pharmacy defendants Harco, Inc., Rite-Aid of Alabama, Inc., and Rite Aid Drug Palace. *Lensdell v. American Home Products Corp.*, (N.D. Ala. CV-99-S-2110-S. Decided October 26, 1999); *Stafford v. Nipp*, 502 So.2d 702, 705 (Ala. 1987)(generally, the manufacturer's warnings accompanying the drug at the time of its sale shield the pharmacy from liability based on breach of warranty).

Dr. Brian Carlton Griner, who was allegedly a resident of the State of Alabama employed by an Alabama clinic when the cause of action arose, was not fraudulently joined.

However, the putative Alabama clinic is only included as a fictitius defendant; and its citizenship must be disregarded when passing on a motion to remand. 28 U.S.C. § 1441(a). The complaint surely states a cause of action for medical malpractice against Dr. Griner, based on his prescription of the drugs fenfluramine and phentermine for Plaintiff, his patient. Dr. Griner has not argued to the contrary. Of course, he denies the claim; but he has not been heard to assert that no cause of action is stated against him. The rub is that sometime between the accrual of Plaintiff's cause of action and the filing of this case, Dr. Griner left Alabama.

In its present posture, the Motion to Remand must be denied because of complete diversity. However, should Plaintiff move to amend the complaint to name as a defendant, the Alabama clinic where Dr. Griner was formerly employed, the Court will revisit the issue under 28 U.S.C. § 1447(e).

By separate order, the Motion to Remand will be denied, without prejudice.

DONE this 6th day of September, 2000.

UNITED STATES DISTRICT JUDGE
U. W. CLEMON